UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LOPEZ,

    Petitioner,

v().                                                     CASE NO. 8:12-cv-196-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Lopez petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for several charges of possessing and selling both cocaine and alprazolam, for which conviction Lopez serves twenty-four months. Several exhibits ("Respondent's Exhibit __") are attached to the response. (Doc. 9) The respondent admits the petition's timeliness. (Response at 3 Doc. 9)

    Lopez pleaded guilty and filed no direct appeal. Lopez timely filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, and based on *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), challenged the constitutionality of his conviction. *Shelton* finds Florida's drug possession statute unconstitutional because, *Shelton* says, *mens rea* was removed from the statute as an element of the offense. Lopez's state post-conviction court rejected

Lopez's Rule 3.850 challenge "because decisions of a federal district court are not binding on a state trial court." Lopez unsuccessfully appealed the state court's denial of the Rule 3.850 motion. Lopez asserts in his Section 2254 petition the same *Shelton* claim that the state courts rejected.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a

> writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–tthe state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. at 694. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The state court's decision was not an unreasonable application of controlling Supreme Court precedent because the decision on which Lopez relies is not a decision by the Supreme Court as AEDPA requires. Additionally, Lopez's reliance on *Shelton* is misplaced because that district court decision was reversed in *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), *pet. for cert. filed* (No. 12-7430 (November 20, 2012). As a consequence, the petition lacks merit.

Accordingly, Lopez's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Lopez and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Lopez is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Lopez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Lopez fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Lopez cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Lopez is

not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Lopez must pay the full $455 appellate filing fee without installments unless the circuit court allows Lopez to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on November 30, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE